IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| L.A., an adjudicated 'adult ward'<br>under court-appointed conservatorship,<br>by appointed co-conservator, BRENDA ENNIS,<br><br>    Plaintiff,<br><br>v.<br><br>BELINDA MITCHELL, et al.,<br><br>    Defendants. | Case No. 3:12-cv-810<br><br>Judge Sharp<br>Magistrate Judge Bryant |

To:    The Honorable Kevin H. Sharp, District Judge


REPORT AND RECOMMENDATION

I. Introduction

By order entered August 27, 2012 (Docket Entry No. 10), this matter was referred to the undersigned for case management and to recommend ruling on any dispositive motion.

This petition was filed by Brenda Ennis on behalf of L.A., an 'adult ward,' for whom Ms. Ennis is a co-conservator. Ms. Ennis brings this action *pro se* against the following defendants: Belinda Mitchell, court-appointed conservator of L.A.; Andra Hendrick, Guardian Ad Litem of L.A.; "Probate Division" of the Davidson County Circuit Court; D.J. Allisandratos; Tennessee Department of Human Services (DHS), Dr. Raquel Hatter, Commissioner; Tennessee Department of Intellectual & Developmental Disabilities (DIDD), James A. Henry, Commissioner; The ARC of Tennessee, Inc. (ARC), Holly Lu Conant Rees, President; Metropolitan Nashville Public Schools (MNPS), Dr. Jesse Register, Director; Exchange Club Family Center, Inc. (Exchange Club), E. Andy Moats, President; Restoration Residential

Services, LLC (RRS), Sereadia Cooke, President; Office of the Attorney General of the State of Tennessee (Attorney General), General Robert E. Cooper, Jr. (Docket Entry No. 2). The Petitioner's grievances were attached to the petition in the First Affidavit of Brenda Ennis (Docket Entry No. 3).

The essence of Ms. Ennis's claim is that the Defendants interfered with Ms. Ennis' responsibilities as co-conservator, preventing her from fulfilling her court-ordered obligations. Ms. Ennis claims this alleged interference is a violation of 42 USC § 12203 (b), which make it a federal crime to coerce, intimidate, threaten or interfere with an individual in the exercise or enjoyment of her rights protected by the American with Disabilities Act (ADA). Ms. Ennis does not mention which of her rights under the ADA have been violated, but does state in her affidavit some of L.A.'s rights that she believes have been violated.

Defendants "Probate Division" and Hendrick filed Motions to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) on Sepember 17, 2012. Defendants Mitchell and RRS filed a similar motion on September 20, 2012. Defendants Allisandratos, DHS, DIDD, and Attorney General also filed a Motion to Dismiss on September 24, 2012. All other defendants filed a Motion to Dismiss on September 28, 2012. Petitioner failed to respond to the Defendants' motions to dismiss. For the reasons stated herein, the undersigned recommends that the Motions to Dismiss be GRANTED in part, to the extent they challenge Petitioner Ennis's standing to sue on L.A.'s behalf; and that the petition be DISMISSED without prejudice to the underlying claims of L.A.

II. Factual Background

L.A. has Down's Syndrome and has the mental faculties of a child. Until 2011, she was under the complete supervision and custody of her mother, Renate Arnold. In 2011, the Davidson County Probate Court held a conservatorship proceeding, following allegations that Ms. Arnold had neglected, abused, and exploited L.A. At the conservatorship proceeding Defendant Mitchell was appointed permanent conservator and Petitioner Ennis was appointed limited co-conservator of L.A. Ms. Ennis' responsibilities were limited to arranging visits between L.A. and Ms. Arnold.

Ms. Arnold filed a Complaint *pro se* on behalf of L.A., alleging that the same Defendants violated L.A.'s rights under the Americans with Disabilities Act and her rights under various amendments to the United States Constitution. L.A. ex rel. Arnold v. Mitchell, 3:11-1088, 2012 WL 1831246 (M.D. Tenn. Sept. 20, 2012). The District Court dismissed the complaint following a Report and Recommendation by the undersigned, finding that while Ms. Arnold could file a lawsuit *pro se*, she could not proceed *pro se* on behalf of her daughter. Id. The order to dismiss was upheld by the Sixth Circuit Court of Appeals. (Case No. 3:11-1088, Docket Entry No. 134)

In the middle of the above mentioned proceedings, Brenda Ennis filed a *pro se* Petition for Injunctive Relief on behalf of L.A., stating that the defendants interfered with her duties as co-conservator in violation of 42 USC § 12203 (b). In an order dated August 6, 2012, this Court found that because Ms. Ennis was a nonparty, the petition was improper, and directed the clerk to assign the petition a new case number. The petition is before this Court today. The Petition seeks injunctive relief, asking this Court to direct the Defendants, all state entities for the purposes of this action, to cease any acts that interfere with the Petitioner's responsibilities as co-

conservator of L.A.

III. Legal Conclusions

A. Standard of Review

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although Fed. R. Civ. P. 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). She must plead well enough to ensure that his complaint is more than "a formulaic recitation of the elements of a cause of action." Id. At 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007). Nevertheless, this Court need not accept legal conclusions or unwarranted factual inferences as true, Iqbal, 556 U.S. at 677-78; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987), and a complaint containing mere legal conclusions alone will "not unlock the doors of discovery for a plaintiff." Iqbal, 556 U.S. at 678. While a *pro se* complaint is to be "liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardue, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "basic pleading essentials" must still be met. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

4

B. Analysis of Defendants' Motions

Defendants seek to dismiss the petition against it pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. (Docket Entry Nos. 35, 37, 44, 48, 49).

Specifically, the defendants assert that (1) Petitioner Ennis's limited co-conservatorship does not give her standing to sue on behalf of L.A.; (2) the Eleventh Amendment grants the Defendants absolute immunity and thus bars this case for injunctive relief; (3) this Court does not have jurisdiction to decide this matter, pursuant to the Rooker-Feldman doctrine; and (4) the petition fails to meet the minimum pleading requirements by making only vague and conclusory allegations. For the following reasons, the undersigned finds that the Defendants' motions to dismiss should be GRANTED in part, to the extent that they challenge Petitioner Ennis's standing to sue on L.A.'s behalf.

A conservator may sue on behalf of an incompetent person. Fed. R. Civ. P. 17(c)(1)(C). When a court determines that an incompetent person needs a conservator, the court must issue an order enumerating the powers to be removed from the incompetent and vested in the conservator. TENN. CODE ANN. § 34-3-107. The conservator cannot exercise powers of the ward that are not enumerated to her. Cf. In re Buda, 252 B.R. 125, 129 (Bankr. E.D. Tenn. 2000) ("[T]he scope of a particular conservator's authority is defined by the orders entered by the appointing court, and the state's statutes govern that authority."). If the right to bring a suit is not specifically enumerated to the conservator, a conservator may still bring an action under limited circumstances. See Nave v. Nave, 173 S.W.3d 766, 771 (Tenn. Ct. App. 2005) (allowing a conservator to bring a suit when the enumerated rights included a "catch-all" provision granting

the conservator the authority to "do any other act of legal significance. . .").

Here, the Probate Court appointed a Guardian ad litem, Defendant Hendrick, who is an attorney, and who has the authority to bring suit on behalf of L.A. (Docket Entry No. 3 at 28), and a permanent conservator, Defendant Mitchell, who has authority over the vast majority of L.A.'s affairs. Id. at 3, 5. Ms. Ennis was not granted authority by the Probate Court to bring suit on behalf of L.A., and none of her enumerated responsibilities, nor any catch-all provision of the order, indicate that the court intended her to have that authority. Id. at 6. Ennis's responsibilities were limited to arranging and organizing visits between L.A. and Ms. Arnold. Id. Accordingly, this action is subject to dismissal without prejudice to the underlying claims of L.A. Harris v. Metro. Gov't of Nashville, 3:08-0859, 2010 WL 883811 (M.D. Tenn. Mar. 11, 2010).

Additionally, this action is subject to dismissal without prejudice in its present form, because Petitioner Ennis may not litigate these claims for injunctive relief on L.A.'s behalf without the assistance of an attorney. 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]" This statute does not permit plaintiffs or petitioners to appear *pro se* where interests other than their own are at stake. Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002) (citing Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998)). It is well established that parents may not sue *pro se* on behalf of their child because the child's cause of action is her own and does not belong to the parent or representative. Shepherd, 313 F.3d at 970-71 (citing Cheung v. Youth Orchestra Foundation of Buffalo, Inc., 906 F.2d 59, 61 (6th Cir. 1990)). The record in this case makes clear that Petitioner Ennis raises no claim on her own behalf, but strictly claims a right to relief on behalf of L.A. (Docket Entry No. 6 at n.2, ¶3).

6

Under the law cited above, Ms. Ennis may not prosecute this case without representation by a licensed attorney. Further, while Ms. Ennis is not a parent bringing a suit on behalf of a child, the reasoning of Shepherd follows that a co-conservator also may not bring a *pro se* action on behalf of a child or ward. While Fed. R. Civ. P. 17(c) allows for a conservator to "sue or defend on behalf of. . . an incompetent person," this rule does not allow the conservator to act as attorney for the ward. See Cavanaugh ex rel. Cavanaugh v. Cardinal Local Sch. Dist., 409 F.3d 753, 755 (6th Cir. 2005), abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516 (2007).

Because the petitioner does not have the authority to bring this action and because she cannot proceed *pro se* on behalf of L.A., there is no reason for this Court to address the other arguments in the defendants' motions to dismiss. For the reasons stated above, the defendants' motions to dismiss should be GRANTED in part as described herein.

## IV. Recommendation

For the reasons stated herein, the undersigned hereby recommends that the Defendants' motions to dismiss for failure to state a claim (Docket Entry Nos. 34, 37, 43, 47, 49) be GRANTED in part to the extent they challenge Petitioner Ennis's standing to sue on L.A.'s behalf; and that the petition be DISMISSED without prejudice to the underlying claims of L.A.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to do with the District Court. Any party opposing said objections shall have fourteen (14) days from the receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of

receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

ENTERED this 12th day of July, 2013.

 s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE